# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KIMBERLY WELLER,**

    **Plaintiff**,

**v.**                                         **Civil Action No. 3:09-CV-22**
                                                                  **(BAILEY)**

**DOLGENCORP, INC.,**

    **Defendant**.

## ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

The above-styled civil action is currently before the Court on the parties Joint Motion for Order Approving Individual Settlements [Doc. 45]. In their motion, the parties request that the Court approve a settlement of plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and dismiss plaintiff's claims with prejudice. After careful review of the record, the arguments of the parties, and the relevant law, the Court finds for the reasons stated below that the parties' motion [Doc. 45] should be **GRANTED**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed these lawsuits in the United States District Court for the Northern District of Alabama, Western Division on or around August 8, 2006, alleging that Defendant violated the FLSA. Defendant filed its Original Answer on or around September 5, 2006. [Doc. 5]. These cases were transferred to this jurisdiction on or around March 11, 2009. [Doc. 7]. Plaintiff Weller has now reached an agreed settlement to her claims in the above-

styled case. Plaintiff claims that she worked for the defendant and was misclassified as an exempt employee. Plaintiff alleges she regularly worked more than 40 hours in a workweek. As a result, plaintiff contends that she was denied overtime owed to her for hours worked in excess of 40 in any workweek. Defendant denies that plaintiff was misclassified. Defendant continues to deny any wrongdoing whatsoever and does not admit to any violation of law, statute, or regulation.

Pursuant to **Taylor v. Progress Energy, Inc.**, 493 F.3d 454, 460 (4th Cir. 2007) and **Lynn's Food Stores, Inc. v. United States**, 679 F.2d 1350, 1352-55 (11th Cir. 1982), claims for unpaid wages arising under the FLSA may be settled or compromised only with the approval of the District Court or the Secretary of Labor. Because Weller elected to litigate her FLSA claims against Dolgencorp in the United States District Court, the parties request in their motion that the Court approve their settlement as set forth in the Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute and that the Court dismiss all of the claims asserted by plaintiff with prejudice.

## II.     STANDARD OF REVIEW

The Fourth Circuit has recognized that "there is a judicial prohibition against the unsupervised waiver or settlement of claims" under the FLSA. **Taylor**, 493 F.3d at 460. However, "when a proposed settlement reflects a reasonable compromise over bona fide disputes, then court approval promotes the policy of encouraging settlement while protecting an employee's rights under FLSA." **Patterson v. Richmond Sch. of Health & Tech., Inc.**, 2010 WL 4902046, at *1 (E.D. Va. Nov. 4, 2010) (internal citations omitted). Settlements are permissible in the context of an FLSA lawsuit

2

because initiation of the action provides some assurance of an adversarial context in which an employee is likely to be represented by an attorney who can protect his rights. *See **Dail v. George A. Arab, Inc.***, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005). Indeed, "[t]here is a strong presumption in favor of finding a settlement fair that must be kept in mind in considering the various factors to be reviewed in making the determination of whether a settlement is fair, adequate and reasonable." ***Lomascolo v. Parsons Brinckerhoff, Inc.***, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (internal quotations omitted).

The factors courts typically consider in determining whether a proposed settlement of FLSA claims is fair and reasonable are: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. ***Patterson***, 2010 WL 4902046, at *1. In applying these factors, the Court must determine whether the settlement reached by the parties constitutes a fair and reasonable resolution of a *bona fide* dispute.

## III. DISCUSSION

The Court has conducted an *in camera* review of the Settlement Agreement and will now address each factor in turn.

### A. <u>The Extent of Discovery</u>

First, the discovery period in this case lasted more than a four years and closed on

November 15, 2010. Prior to that deadline, the parties exchanged written discovery requests and responses, and depositions were taken concerning the allegations set forth in Weller's Complaint and Dolgencorp's defenses. Thus, "it is clear that the Parties had adequate time to conduct sufficient discovery to 'fairly evaluate the liability and financial aspects of [the] case.'" **Lomascolo**, 2009 WL 3094955 at *11 (quoting **In re A.H. Robins Co.**, 88 B.R. 755, 760 (E.D. Va. 1988)).

- B. <u>The Stage of the Proceedings, Including the Complexity, Expense and Likely Duration of the Litigation, and the Absence of Fraud or Collusion in the Settlement</u>

Second, the parties state in their motion that they have agreed to a settlement of this matter in order to avoid the significant resources in both time and expense associated with further litigation. In light of the discovery described above, Dolgencorp filed a Motion for Summary Judgment in a companion case **Mayne-Harrison v. Dolgencorp, Inc.,** (No. 1:09-cv-42 (N.D. W.Va. September 17, 2010)), which was decided in favor of defendants. *See* **Lomascolo**, 2009 WL 3094955 at *11 (approving settlement where "[i]t was also clear that the Defendants intended to defend this action vigorously as shown by the . . . dispositive motions . . . ."). Further, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a . . . costly undertaking to proceed to the trial of this case." **Id.**

- C. <u>The Experience of Counsel Representing the Plaintiff, and the Probability of Plaintiff's Success on the Merits and the Amount of the Settlement in Relation to the Potential Recovery</u>

Third, counsel for both parties have significant experience in handling federal court litigation generally, and FLSA claims in particular. (*See* Stipulation [Doc. 45-1]

(noting that "These individual settlements were negotiated at arm's length by experienced counsel who protected the rights of the Parties."))*; see* **Lomascolo**, 2009 WL 3094955 at *11 (approving settlement where counsel for the parties were qualified to "evaluate the case and provide competent legal advice to each of their respective clients").

Moreover, the Settlement Agreement was the product of arms-length negotiations between counsel. See **Camp v. Progressive Corp.**, 2004 WL 2149079, at *7 (E.D. La. Sept. 13, 2004) (noting the "presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary").

Courts are entitled to rely on the judgment of counsel for the parties in performing the "balancing task" necessary to reach a settlement, and "absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel." **Lomascolo**, 2009 WL 3094955 at *10 (citing **Flinn v. FMC Corp.**, 528 F.2d 1169, 1173 (4th Cir. 1975); **Cotton v. Hinton**, 528 F.2d 1326, 1330 (5th Cir. 1977)).

Further, the Court finds that the amount of the proposed settlement is fair and reasonable in light of the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery. (See [Doc. 45] at 5-6 (noting that in another jurisdiction summary judgment was granted as to seven plaintiffs, only to be subsequently vacated on appeal and later denied; and noting that "seven other federal courts have ruled that Dollar General Store Managers are exempt managerial employees whose primary duty is management, six of these cases being decided in 2010" (citing **Bledsoe v. Dolgencorp, Inc.**, C/A No. 3:99-3761-17 (D.S.C. October 4, 2000); **King v. Dolgencorp**, (No. 3:09-cv-00146 (M.D. Pa. May 6, 2010)); **Johnson v. DG Retail**, (No.

5

1:08-cv-123, 2010 U.S. Dist. LEXIS 47416 (D. Utah May 13, 2010)); **Noble v. Dolgencorp**, (No. 5:09-cv-00049 (S.D. Miss. May 11, 2010)); **Hartman v. Dolgencorp of Texas, Inc.**, (No. 6:09-cv-000009 (N.D. Tex. June 24, 2010)); **Mayne-Harrison v. Dolgencorp, Inc.**, (No. 1:09-cv-42 (N.D. W.Va. September 17, 2010)); and **Roberts v. Dolgencorp, Inc.**, (No. 2:09-cv-0005 (M.D. Tenn. November 18, 2010)).))

The Settlement Agreement also includes payment for attorneys' fees and litigation costs. The Court has reviewed the Agreement and finds the fees and costs reasonable.

Finally, the Court would note that a settlement resolves a *bona fide* dispute when an employee claims entitlement to payment, and "neither the Settlement Agreement, nor the negotiations that preceded it, represent any admission by Defendant[] of any violation of law, or any liability to Plaintiff[]." **Lomascolo**, 2009 WL 3094955 at *16-17.

## IV.  CONCLUSION

Thus, having reviewed *in camera* the Settlement Agreement, this Court finds, for the reasons stated above, it to be in compliance with the dictates under the FLSA and finds it to be a fair and reasonable resolution of a bona fide FLSA dispute pursuant to **Lynn's Food Stores** and **Lomascolo**. Accordingly, it is hereby **ORDERED** that the parties' Joint Motion for Order Approving Individual Settlements [Doc. 45] be **GRANTED** with regard to plaintiff Weller, and that the above-styled case be **DISMISSED** with prejudice.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** January 13, 2011

/s/ John Preston Bailey
JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE